## Snyder *v.* Knight, Appellant.

*Promissory note—Judgment—Consideration—Satisfaction.*

The satisfaction of a judgment and the acceptance of an ordinary promissory note in place of the judgment is a sufficient consideration to support the note.

*Promissory note—Affidavit of defense—Evasive affidavit.*

In an action upon a promissory note accepted by plaintiff as a substitute for a judgment bond for the same amount, it appeared that the bond was given at the time of the execution of a deed to defendant of certain land. The deed acknowledged the receipt of the consideration in full, mentioning the amount of the purchase money. The defendant filed an affidavit of defense, averring that the bond was given to secure annual payment of a dower interest in the land conveyed, and that the widow was dead at the time suit was brought. The affidavit, however, did not state that the bond was not a part of the consideration mentioned in the deed. *Held,* that the affidavit of defense was insufficient to prevent judgment.

Argued May 4, 1903. Appeal, No. 65, April T., 1903, by defendant, from order of C. P. Clarion Co., Aug. T., 1902, No. 136, making absolute rule for judgment for want of sufficient affidavit of defense in case of D. A. Snyder v. G. A. Knight. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, HENDERSON and MORRISON, JJ. Affirmed.

Assumpsit on a promissory note.

The defendant filed an affidavit of defense and a supplemental affidavit of defense. The latter paper which included the averment of the former is as follows:

Harmon Snyder died prior to October 31, 1871, intestate, leaving to survive him a widow and three children, viz: Daniel A. Snyder, Frances, intermarried with William Hartman, and Mary K., afterwards intermarried with Aaron Hartman. At the time of his death he was the owner in fee simple of a certain tract of land situate in Salem township, Clarion county, the title to which at his death became vested in the three children above named, subject to the dower interest of Mary E. Snyder, the said widow. No partition proceedings were ever had in the orphans' court of the tract of land aforesaid. Frances Hartman conveyed her interest to her brother,

Daniel A. Snyder, February 26, 1878; and Mary K. Hartman conveyed her interest to her said brother February 5, 1878. The said D. A. Snyder afterwards, to wit: on March 14, 1878, sold about eleven acres to affiant for the sum of $1,110, and at the time of such sale required affiant to give a bond for the payment of $200, with interest, which was intended to cover the dower interest of the said widow in the eleven acres aforesaid, the interest on which was to be paid to her annually during her life. The said bond was afterwards entered of record in the prothonotary's office and later marked satisfied and the note in suit was given to plaintiff in lieu thereof. The said bond and note were made payable to D. A. Snyder. The said Mary E. Snyder died on April 2, 1902. The said widow did not, at the times of giving said bond or note, or at any other time during her lifetime, execute a release of her dower in the said land to affiant.

Affiant further avers that the deed from D. A. Snyder to affiant contains the following recital: "it being part of a larger tract of land formerly owned and held by Harmon Snyder, late of Salem township, Clarion county, deceased, who died intestate and the same being conveyed by deeds of release of Frances Hartman and William Hartman and Mary K. Hartman and Aaron Hartman said Frances Hartman and Mary K. Hartman being lawful heirs of said Harmon Snyder, lately deceased. Said deeds of release being dated respectively February 5, 1878, and February 26, 1878, to Daniel A. Snyder, said conveyances being made subject to the widow's dower during her natural lifetime." Which said deed will be found of record in the recorder's office in and for Clarion county in deed book, vol. 25, page 178.

Affiant is advised by counsel that by the purchase of the said farm by D. A. Snyder from the balance of the heirs of Harmon Snyder, deceased, all the interest of the said D. A. Snyder in the widow's dower became merged in his title, and the said bond and note were void for want of consideration; that affiant is not obliged to pay the said $200 because of the facts heretofore set forth in this affidavit of defense.

Affiant is further advised that the interest on the said $200 was payable annually to Mary E. Snyder, the widow, during her lifetime, and now since her death, the unpaid part of said

interest is payable to her administrator, and defendant would not be protected from a recovery of said interest by such administrator if he pays said interest to the plaintiff.

The court in an opinion by WILSON, P. J., made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Don C. Corbett*, with him *H. E. Rugh* and *A. A. Geary*, for appellant, cited: Brooks v. Keller, 173 Pa. 615; Allegheny City v. McCaffrey, 131 Pa. 137; Twitchell v. McMurtrie, 77 Pa. 383; Kaufman & Co. v. Cooper Iron Mining Co., 105 Pa. 537; Dech v. Gluck, 47 Pa. 403; Hollenberger v. Yawkey, 145 Pa. 179.

*Lewis Collner* and *George F. Whitmer*, for appellee, cited: Markley v. Stevens, 89 Pa. 279; Keener v. U. S. Bank, 2 Pa. 237; Honesdale Glass Co. v. Storms, 125 Pa. 268; Baer's App., 127 Pa. 360.

OPINION BY MORRISON, J., October 5, 1903:

This is an action of assumpsit brought for the recovery of the principal and unpaid interest of a certain promissory note in the following form, viz: " For value received I promise to pay A. D. Synder or order the sum of two hundred dollars, with interest. Salem, Mar. 14, 1888." Signed " G. A. Knight." The interest was paid on this note June 2, 1891, for three years; June 9, 1892, the fourth year's interest was paid; March 14, 1893, the fifth year's interest was paid; March 14, 1894, the sixth year's interest was paid; March 14, 1896, two years' interest was paid; March 14, 1897, one year's interest was paid. It is conceded that the name, A. D. Snyder, written in the body of the note, was an inadvertent mistake, and that it ought to have been D. A. Snyder. The plaintiff's declaration clearly and concisely states his cause of action to be the amount of this note, with the unpaid interest due thereon. It is conceded that the note in suit was given in lieu of a bond which the plaintiff held against the defendant, and on which judgment had been entered in the court of common pleas of Clarion county, which judgment was satisfied in consideration of the

note in suit. It also appears and is conceded that the title to
a certain lot of land, situate in Clarion county, was prior to
October 31, 1871, vested in Harmon Snyder, who was the father
of D. A. Snyder, and that the title to this land became vested
in said D. A. Snyder, subject to the dower interest of Mary E.
Snyder, widow of Harmon Snyder, and that said D. A. Snyder
conveyed eleven acres of this land to the defendant, G. A.
Knight, for the sum of $1,110. The defendant says in his affi-
davit of defense that at the time of such sale the plaintiff re-
quired him to give a bond for the payment of $200, with inter-
est, which was intended to cover the dower interest of the
said widow in the eleven acres aforesaid, the interest on which
was to be paid to her annually during her life. He also says that
the said bond and note were made payable to D. A. Snyder,
and that Mary E. Snyder, widow, died on April 2, 1902. We
have carefully read the two affidavits of defense filed by the de-
fendant, and they do not in our judgment disclose a sufficient
defense against the note in suit to carry the same to a jury.
There is really nothing in these affidavits of defense to squarely
rebut the idea that the bond was given for part of the consider-
ation mentioned in the deed. It is argued that because the
deed acknowledges the receipt of the consideration in full, to
wit: $1,110 " unto them well and truly paid by the said party
of the second part at and before the sealing and delivery of
these presents, the receipt whereof is hereby acknowledged,"
that, therefore, the amount or principal of the bond, for which
the note was given in satisfaction, was not a part of this pur-
chase money, as the affidavit of defense states that " it was in-
tended at the time to cover the dower interest of the said widow."
We have scanned the affidavit and supplemental affidavit with
care, and nowhere therein does it appear to be stated that the
bond was not a part of the consideration mentioned in the deed.
It is usual where a bond or note is given for all or part of the con-
sideration money named in a deed to acknowledge the payment
of the purchase money in the deed. If the defendant paid the
full consideration money named in the deed, to wit: $1,110, and
gave the bond in addition, it ought and could have been so
stated without leaving the matter uncertain. As the case is
presented by the plaintiff's declaration and the two affidavits
of defense, the presumption is very strong that the bond was

really given for part of the purchase money.   And saying that it was intended to cover the dower interest of the widow is not equivalent in an affidavit of defense to a clear positive statement that it was given for that and no other purpose.   If this defendant paid the full purchase money for the land, and gave this bond for some other purpose connected with the widow's dower, it would not have been difficult to have stated these facts in plain English so that the affidavit of defense would not be open to the criticism that it is indefinite and evasive.   It is further argued that there is a want of consideration for the note.   It is hardly necessary to say that if the defendant in the real estate transaction gave a judgment bond to the plaintiff for $200, and judgment was entered thereon and interest paid on the bond and judgment for several years, and then in consideration of having the judgment satisfied the defendant executed and delivered the note in suit, there is no difficulty in holding that the note was given for a sufficient consideration. It will be observed that there is no allegation in either the affidavit or supplemental affidavit of defense that the bond or the note was procured by the plaintiff from the defendant through accident, fraud or mistake.   It clearly appears from the affidavits that both instruments were voluntarily executed and delivered by the defendant to the plaintiff.   There is no pretense that they were not written and executed and delivered in accordance with the agreement or understanding of the parties.

We think the opinion of the learned judge of the court below clearly vindicates his judgment against the defendant for want of sufficient affidavits of defense.   The assignment of error is that the court erred in entering judgment for want of a sufficient affidavit of defense.   This assignment is not sustained and the judgment is affirmed.